WILLIAM ADAMS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defenant in Error*.

Opinion Filed November 10, 1919.

Petition for rehearing denied November 29, 1919.

In a prosecution for larceny where the testimony is sufficien to warrant an inference of criminal intent in the acts admitted, technical errors, if any, in the proceedings being manifestly harmless, a verdict of guilt will not be disturbed.

A Writ of Error to the Circuit Court for Taylor County; M. F. Horne, Judge.

Judgment affirmed.

*Wm. T. Hendry, C. P. Diamond* and *W. C. Hodges,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WHITFIELD, J.—On writ of error to a judgment of conviction of larceny of a steer belonging to Mrs. Julia Morgan, the plaintiff in error urges that reversible errors were committed in rulings on testimony, in charges given and in denying a new trial.

The defendant testified that he killed the steer knowing it belonged to Mrs. Morgan, that several others saw him kill it in the day time under stated circumstances that showed publicity; that he gave away the beef and did not use any of it; that he told of killing Mrs. Morgan's steer and "that there was right smart of cow killing going on and some hogs and nothing done about it, and I thought that I would do so myself. There was so much going on, killing, peddling and selling, that I decided that I would kill it to see if it would get up notice in the case, so that they would get at it."

This testimony as to the killing of the steer was in substance corroborated by witnesses for the State.

These unlawful facts being established, they were sufficient to warrant the inference of criminal intent, and technical errors, if any, committed in rulings on testimony or in charges given were manifestly harmless.

Judgment affirmed.

All concur.